UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION** at **PIKEVILLE**

| | | |
|---|---|---|
| JANET ARLENE BLACKBURN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 7:19-cv-65-JMH |
| V. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | **MEMORANDUM OPINION** |
| ACTING COMMISSIONER OF SOCIAL | ) | **AND ORDER** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

** ** ** ** **

This matter comes before the Court on Defendant's Motion to Dismiss [DE 13] Plaintiff Janet Arlene Blackburn's Complaint [DE 1] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, the Court will deny Defendant's Motion [DE 13].

## I. BACKGROUND

On September 3, 2009, an Administrative Law Judge ("ALJ") approved Plaintiff's application for disability benefits under Titles II and XVI of the Social Security Act. [DE 1, at 2]. However, in May 2015, the Social Security Administration's ("SSA") Appeals Council notified Plaintiff that the SSA's Office of Inspector General had notified the SSA "that 'there was reason to believe fraud or similar fault was involved' in Plaintiff's application." *Id.* Specifically, the SSA asserted that Plaintiff's counsel, Eric

C. Conn, had submitted medical evidence in support of Plaintiff's application that was improper. *Id*.

A redetermination hearing was scheduled in front of a different ALJ to determine whether Plaintiff was disabled. *Id*. at 2-3. On January 21, 2016, the ALJ denied Plaintiff's application for benefits. *Id*. at 3. On April 5, 2016, the Appeals Council denied review of Plaintiff's case. *Id*.

On September 4, 2019, Plaintiff filed her Complaint [DE 1] with this Court challenging Defendant's decision to deny her disability benefits. In the Complaint [DE 1], Plaintiff alleges that Defendant's decision was not supported by substantial evidence, that Defendant improperly relied on informal guidance in the redetermination process, and various violations of the Administrative Procedure Act's requirements, the due process rights found in the Fifth Amendment of the United States Constitution, and the Appointments Clause. On February 10, 2020, Defendant filed the present Motion to Dismiss [DE 13], which the Court will discuss further herein.

## II. DISCUSSION

Generally, the Court cannot consider documents that are outside the pleadings without converting a motion to dismiss into a motion for summary judgment. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (citation omitted). "However, a court may consider . . . 'exhibits attached to defendant's motion

to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." *Id.* (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). Moreover, "[a]ffidavits may be considered so long as 'they add nothing new, but, in effect, reiterate the contents of the complaint itself.'" *Evridge v. Rice*, No. 3:11-40-DCR, 2011 WL 6014407, at *2 (E.D. Ky. Dec. 2, 2011) (quoting *Yeary v. Goodwill Indus.-Knoxville*, 107 F.3d 443, 445 (6th Cir. 1997)).

In the present case, attached to Defendant's Motion to Dismiss [DE 13] are the SSA's decisions regarding Plaintiff's application for disability benefits and an affidavit confirming the details the SSA's determinations. [DE 13-2; DE 13-3]. The Court need not convert Defendant's pending Motion to Dismiss [DE 13] into a motion for summary judgment because the SSA's decisions and the procedural history of Plaintiff's claims are referenced in Plaintiff's Complaint [DE 1] and are central to the relief she seeks. The attachments [DE 13-2; DE 13-3] do not present substantive issues that are not discussed in the Complaint [DE 1]. Accordingly, the Court will not convert the Motion to Dismiss [DE 13] to a motion for summary judgment under Federal Rule of Civil Procedure 56 and will consider it as a motion for failure to state a claim under Rule 12(b)(6).

Rule 12(b)(6) provides that a complaint may be attacked for failure "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A motion to dismiss is properly granted if it is beyond doubt that no set of facts would entitle the petitioner to relief on his claims." *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 333 (6th Cir. 2006). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

This Court may have limited jurisdiction for judicial review of claims arising under Titles II and XVI of the Social Security Act, but certain conditions must be met. *See* 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3). One of those conditions is that "'[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may

4

obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision[.]'" *Adams v. Saul*, No. CV 7:19-88-KKC, 2020 WL 7083939, at *2 (E.D. Ky. Dec. 3, 2020) (quoting 42 U.S.C. § 405(g)), *rev'd*, Nos. 20-5550/5551/5552, 2021 WL 3616068, at *8 (6th Cir. Aug. 16, 2021); *see also* 42 U.S.C. § 1383(c)(3). "This sixty-day window for individuals to seek judicial review begins when a claimant receives notice from the SSA Appeals Council that a request for review of a benefits determination has been denied." *Potter v. Saul*, No. 7:19-072-DCR, 2020 WL 1666826, at *2 (E.D. Ky. Apr. 3, 2020) (citing 20 C.F.R. § 422.210(c); *Cook v. Commissioner*, 480 F.3d 432, 436 (6th Cir. 2007)) *rev'd*, Nos. 20-5550/5551/5552, 2021 WL 3616068, at *8 (6th Cir. Aug. 16, 2021). Unless the individual makes a reasonable showing to the contrary, the date of receipt of the notice is presumed to be five days after the date of the notice. *See Cook*, 480 F.3d at 436-37; 20 C.F.R. § 404.901; 20 C.F.R. § 416.1401; 20 C.F.R. § 422.210(c).

Here, Plaintiff presumably received notice of the Appeals Council's decision on April 11, 2016, and the limitations period for her claim expired sixty days later, on June 10, 2016.[1] Plaintiff

---

[1] Five days after April 5, 2016, was April 10, 2016. However, since April 10, 2016, was a Sunday, Plaintiff had until Monday, April 11, 2016, to presumably receive notice. *See Bartlik v. U.S. Dep't of Labor*, 62 F.3d 163, 166 (6th Cir. 1995) (holding that when a statute of limitations period expires on a weekend, it extends to the following business day).

did not file her Complaint [DE 1] until over three years later, on September 4, 2019. Therefore, unless the statute of limitations on Plaintiff's claim was tolled, her Complaint [DE 1] was untimely and must be dismissed.

Plaintiff argues her "deadline was tolled under *American Pipe* [*& Construction Co., Inc. v. Utah*, 414 U.S. 538 (1974)] until October 14, 2019 by *Hughes v. Commissioner,* E.D. Ky. No. 5:16-cv-352," a putative class action in this district involving Conn victims. [DE 16, at 2].

In *American Pipe*, the Supreme Court held, "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554 (applying the rule to intervening plaintiffs); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350, 353-54 (1983) (extending the rule to individual claim and not just those of intervenors). "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." *Crown, Cork & Seal Co.*, 462 U.S. at 354.

In the present case, multiple putative class actions arose out of Conn's scheme, but *Hughes* is the only one relevant to the timeliness of Plaintiff's claim because it is the case recent enough to potentially make her claim timely. On February 21, 2017, the district court in *Hughes* stayed the case and denied the

6

plaintiffs' motion to certify the class action without prejudice. However, on August 13, 2019, the district court lifted the stay, reversed the denial of the disability claims, reinstated benefits, and remanded the case to the SSA. Plaintiff claims that *Hughes* tolled the statute of limitations until August 13, 2019, meaning Plaintiff's September 4, 2019, Complaint [DE 1] was timely. Defendant contends Plaintiff's claims were only tolled until February 21, 2017.

In *Potter v. Commissioner of Soc. Sec'y,* Nos. 20-5550/5551/5552, 2021 WL 3616068, at *8 (6th Cir. Aug. 16, 2021), the Court of Appeals for the Sixth Circuit, considering the same issues presently before this Court, held, "[T]he *Hughes* [February 21, 2017,] administrative denial did not terminate *American Pipe* tolling . . . ," and the actions filed by plaintiffs who were similarly situated to Plaintiff in the present case were timely. Therefore, this Court finds Plaintiff's Complaint [DE 1] was timely filed and will deny Defendant's Motion to Dismiss [DE 13]. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss [DE 13] is **DENIED**.

This 18th day of August, 2021.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge